The opinion of the Court was delivered by
Tilghman C. J.
By the fourth section of the act of assembly which has been mentioned, the trustees appointed by the Court, “ shall be deemed vested with all the estate of the debtor, at the time of their appointment, and shall be capable, in their own names, to sue for, and recover, any property or debts, belonging to such debtor at the time of their ap *396 pointment; and no suit brought by such defendant and pending at the time of their appointment, shall abate thereby, but the same shall be continued, and the money or property recovered thereon, shall be paid, or given, to the said trustees.” Jt is very clear, that by this act of assembly, the sole right of suing for the debt claimed by the plaintiff in this case, was vested in his trustees, and that an action could not be supported in the name of James Kennedy. Why then was the evidence improper ? Because, says the counsel for the plaintiffs, the matter ought to have been pleaded in abatement. But it seems to me, that it was matter in bar, because it shewed, that the plaintiff’s right of action was extinguished. It was contended, however, by the -plaintiff’s counsel, that even granting it to be matter in bar, it ought to have been pleaded specially, and could not be given in evidence on the general issue. Strictly speaking, one would suppose, that under the plea of non assumpsit no evidence was proper, but that which tended to prove, that the defendant did not as-sume; and considering that the plaintiffs are often surprised by the evidence which has been introduced under this plea, perhaps it would have been better, if nothing had ever been admitted, but what went in denial of the assumption. But it is too late to take that ground now, for repeated decisions have permitted evidence, not only that no assumption was made, but that the promise has been performed, and in short any thing which shewed, that at the time of the action brought, the plaintiff had no right to recover. We find the law so laid down, in Bull. N. P. 152, and 1 Chitty, 470. In this Court too, we have gone upon the same principle. In the case of Hantz v. Seally, 6 Binn. 411, it was held, that the defendant may give any matter in evidence, which shews either, that he made no assumption, or that the plaintiff’s demand was extinguished, before the commencement of the action. Judge Ye ates, indeed, seemed to think, that perhaps a release could not be given in evidence; but this he considered as the only exception, and a matter of doubt. That doubt, however, I imagine, does not now exist, for Chitty mentions expressly, that a release may be given in evidence ; nor do I see any reason why a release should not be as good evidence, as performance of the contract; for they both admit, that there was an assumption. The plaintiff’s counsel relied much on the cage of Bird, Savage and *397 Bird v. Pierpoint, decided by the Supreme Court of New Tork, and reported in 1 Johns. 117. The great respect which we all entertain for that Court, has induced me to. examine the report of that case minutely, and I was gratified to find the opinions of three Judges against one, in favour of such evidence as was admitted in the case before us. In the New Tork case, the defendant offered evidence, that Robert Bird,, one of the plaintiffs, was, before the commencement of the action, a bankrupt under the act of Congress ; this evidence was rejected at Nisi Prius, and the matter came before the Court in bank, on a motion for a new trial. Two Judges were in favour of the evidence and two against it, so that the Court was equally divided. But Spencer, the present Chief Justice, who was opposed to the evidence, said, “ that if it had been the case of a bankrupt without partners, the defendant’s objection, he inclined to think, would have been conclusive and moreover, he expressly declared, “ that he did not rest his opinion on the form, of the pleading, but on the necessity, convenience, and intrinsic propriety of suffering the solvent partners to collect the debts of the firm.” We have here then, the opinion of three Judges, that the form of pleading was no objection to the evidence, and also that where the insolvent debtor was the sole plaintiff, the objection to his action was irresistible ; now that is just our case, for James Kennedy had no partners. The plaintiff’s counsel endeavoured to distinguish this case from that of trustees in general, because, at the time of the commencement of this suit, the trustees had not given bond with security, for the faithful execution of their trust according to the ninth section of the act, which requires them to give such bond, before they proceed to act, and directs the Court to appoint other trustees in their room, in case of their refusal or delay to act. The plaintiff’s argument is, that the trustees could not bring suit, and therefore the insolvent debtor himself might. But this is a non sequitur. The law vests the property of the insolvent debtor in the trustees, the moment they are appointed, and there is a necessity for its remaining so vested, until they give security, or other trustees are appointed, in order to prevent the debtor from making away with his estate. This point was decided in Willis's lessee v. Row, 3 Teates, 520. The cause was tried before Ye ates and Smith Justices, at a Circuit Court, at Tork, April, 1803 j when the *398 plaintiff was nonsuited, because he had been discharged as an insolvent debtor, under another act of assembly, which required the trustees to give bond before they acted, and in £*lat case they hac* not given bond. The Court said, “ that if the action could be tolerated, because the trustees had not given bond, the debtor might sell his land the moment after his discharge, and bid defiance to his creditors.” Considering this point as settled then, there remains no objection to the evidence offered in this case, and I am of opinion that it was rightly admitted.
But another exception was taken by the plaintiff’s counsel, on: the trial of this cause, because the Court rejected evidence offered by him, “ that James Kennedy the plaintiff, James Ferris one of the defendants, and William Graham one of the trustees appointed by the Court of Common Pleas, were present together, within a few weeks of the trial, on the proposition of a reference.” It was in evidence, that two trustees were appointed, and after the commencement of this suit, one of them, ('William Graham,) gave bond and security, but the other did not. Now there are several decisive objections to the evidence offered by the plaintiff. In the first place, there being no cause of action in James Kennedy, who, for any thing that appears, brought the suit for his own benefit, it was not competent to his trustees, if they had both given the security required by law, to make that good which was bad in itself. The law having vested the right of action in them, they could not transfer it to the insolvent debtor. But William Graham alone, had no power to act as trustee, because the authority was vested in him jointly -with another, which other had not qualified himself to act. Nothing therefore, that Graham could say or do, was at all material to the support of the plaintiff’s action, and the evidence was properly rejected. Upon the whole, it is the opinion of the Court that there is no error, and the judgment should be affirmed.
Judgment affirmed.